1

2

3

4

5

6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF ARIZONA

8

9   Andres Carmen Meza,                    )    No. CIV 05-1120 PHX-PGR (LOA)
                                           )
10              Petitioner,                )
                                           )
11  vs.                                    )    **REPORT AND RECOMMENDATION**
                                           )
12  Dora Schriro, et al.,                  )
                                           )
13              Respondents.               )
    _____   )

14

15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in

16  State Custody Pursuant to 28 U.S.C. § 2254.  (document # 1)  Respondents request that the

17  Court deny the Petition for failure to exhaust state remedies. (document # 19) Petitioner has not

    replied and the time for doing so has passed.

18

19                                      **BACKGROUND**

20          On January 22, 2001, the State of Arizona charged Petitioner with one count of

21  aggravated assault (Count 1), eight counts of endangerment (Counts 2 -9), two counts of

22  aggravated driving or actual physical control while under the influence of intoxicating liquor

23  or drugs (Counts 10, 11), one count of possession of dangerous drugs (Count 12), and one count

24  of possession of drug paraphernalia (Count 13).  (Respondents' Exh. D) The State alleged that

    the crimes in Counts 1-9 were dangerous felony offenses, that the aggregate amount of drugs

25  involved in Count 12 equaled or exceeded the statutory threshold, and that Petitioner committed

26  the offenses while on felony release. (Respondents' Exhs. F, G, H) On May 29, 2001, Petitioner

27  pleaded guilty to Count 1, aggravated assault, and Count 12, possession of narcotic drugs.

28

1   (Respondents' Exh. I, J) The remaining counts were dismissed. (Respondents' Exh. K) The trial

2   court[1] sentenced Petitioner on June 26, 2001. (Respondents' Exh. K) On Count 1, the trial court

3   sentenced Petitioner to 3.5 years imprisonment. (Id.)  The court also ordered Petitioner to pay

4   restitution to the victims in the amount of $27,993.13.  Payment was to be 30 percent of

5   Petitioner's earnings while he was incarcerated and to continue after his release from the

6   Arizona Department of Corrections ("ADOC"). (Respondents' Exh. K) On Count 12, the court

7   suspended imposition of a sentence and placed Petitioner on probation for three years,

8   commencing immediately upon Petitioner's release from the ADOC.  (Id.)  The court also

9   ordered Petitioner to pay a $2000 fine.  Payment was to be 30 percent of Petitioner's earnings

10  while he was incarcerated and to continue upon his release from the ADOC.  (Id.)

11          On August 17, 2001, Petitioner filed a notice of post-conviction relief.

12  (Respondents' Exh. L) The court appointed counsel.  (Respondents' Exh. M) Thereafter, the

13  Maricopa County Public Defender's Office moved to withdraw as counsel based on a conflict

14  of interest. (Respondents' Exh. N) The court granted the motion and appointed new counsel for

15  Petitioner.  (Respondents' Exh. O) On August 26, 2002 Petitioner, through counsel, filed a

16  petition for post-conviction relief raising the following claims:

17          (1) the trial court erred in ordering Petitioner to pay the fine assessed in
            Count 12 from 30 percent of his earnings while incarcerated in the ADOC;
18
19          (2) the trial court violated Petitioner's right to due process by failing to
            provide him with a meaningful opportunity to contest the amount of
            restitution; and
20
21          (3) counsel was ineffective in failing to notify Petitioner of the restitution
            order and in failing to challenge the imposition of restitution.

22  (Respondents' Exh. P)   The State filed a response in which it agreed that Petitioner was not

23  informed of the restitution award at sentencing and that the court could not require that 30

24  percent of Petitioner's earnings in the ADOC be withheld to satisfy a court-ordered fine.

25  (Respondents' Exh. Q) The State and Petitioner requested an evidentiary hearing on the

26  restitution issue (Respondents' Exh. Q, R), and on June 16, 2002, the trial court conducted such

27

28      [1]  The Honorable Peter C. Reinstein presided.

1    a hearing.  (Respondents' Exh. S, T)  After the hearing, the court ordered Petitioner to pay

2    $25,419.99 in restitution.  (Respondents' Exh. U)

3              On August 7, 2003, Petitioner filed a second notice of post-conviction relief.

4    (Respondents' Exh. V)  The trial court dismissed the second notice on the ground that a

5    successive notice of post-conviction relief had to be filed within 30 days of the conclusion of

6    the first post-conviction relief proceedings.  (Respondents' Exh. W)  The court found that more

7    than 30 days had passed since the resolution of Petitioner's first post-conviction relief

8    proceedings, and that Petitioner had not argued that any of the exceptions to the timeliness

9    requirement applied.  (Id.)  Petitioner filed a motion to reconsider the dismissal of the second

10   notice of post-conviction relief.  (Respondents' Exh. X)  Petitioner argued that because he did

11   not receive a restitution hearing at sentencing, the evidentiary hearing on his initial PCR was

12   the first restitution hearing. (Respondents' Exh. X) As a result, Petitioner argued that the August

13   7, 2003 notice of post-conviction relief was technically his first notice of post-conviction relief

14   with regard to the restitution hearing and that he would limit the petition to claims regarding the

15   restitution hearing.  (Respondents' Exh. X)  The court vacated its August 25, 2003 minute entry

16   and permitted Petitioner to pursue his second notice of post-conviction relief limited to claims

17   challenging the trial court's June 16, 2003 restitution order.   (document # Y)  The court

18   appointed Petitioner counsel.

19             After reviewing the record, counsel notified that court that she was unable to find

20   any claims to raise. (Respondents' Exh. Z)  Thereafter, Petitioner, proceeding pro se,  filed his

21   second petition for post-conviction relief.  (Respondents' Exh. BB) Petitioner raised the same

22   challenges to the restitution order that he had raised in his first petition for post-conviction

23   relief.   Despite the court's order that the second post-conviction proceedings were limited to

24   issues related to the June 16, 2003 restitution order, Petitioner also claimed that trial counsel

25   was ineffective in failing to explain the plea offer and in failing to inform him of charges

26   pending in a separate case in the Arizona Superior Court, Maricopa County.  (Id.)  The trial

27   court found that Petitioner did not raise any claims warranting relief and dismissed Petitioner's

28   second petition for post-conviction relief on April 1, 2004.  (Respondents' Exh. FF)

1    On April 23, 2004, Petitioner filed a petition for review in the Arizona Court of

2    Appeals (Respondents' Exh. GG) raising the following claims:

3    (1) Sentencing enhancement based on untried case of November 4, 2000
     was prejudicial;

4    (2) trial counsel "knowing of both cases" rendered ineffective assistance; and

5    
6    (3) trial counsel failed to explain the terms of Petitioner's sentence under the
     plea agreement.

7    (Respondents' Exh. GG)   On June 2, 2005, the appellate court denied review.  (Respondents'

8    Exh. HH).

9    In the meantime, on April 13, 2005, Petitioner filed the pending Petition for Writ of

10   Habeas Corpus raising several claims which the Court quotes from the Petition:

11   (1) To interpret this brief as cognizable, by layman Petitioner the 1st
     Amendment of Bill of Rights of the United States and federal law
12   pursuant violations (sic) of facts and theory due to second case applys (sic)
     to the same prosecutor in this case.

13   
14   (2) To interpret this brief as cognizable, by layman Petitioner the 5th
     Amendment of Bill of Rights of the United States and federal law pursuant
15   violationes (sic) of facts and theory due to the second case apply to the same
     prosecutor in this case.

16   (3) To interpret this brief as cognizable, by layman Petitioner the 8h
     Amendment of Bill of Rights of the United States and federal law pursuant
17   violationes (sic) of facts and theory due to the second case apply to the same
     prosecutor in this case.

18   
19   (4) To interpret this brief as cognizable, by layman Petitioner the 14th
     Amendment of Bill of Rights of the United States and federal law pursuant
20   violationes (sic) of facts and theory due to the second case apply to the same
     prosecutor in this case.

21   (document # 1) Petitioner recites essentially the same statement of facts in support of each

22   claim.  Petitioner alleges that:

23   A.  On defense ineffective assistance of counsel, failed to Petitioner did not
     fully understand the meaning behind that the Honorable Peter C. Reinstein
24   informed me that the Judge may have worked for the prosecutors office
     at that time?  Whether the time of the accident or time of warrant issued?
25   Any judicial misstep or even perceived misstep - can lead to a reversal
     with no consideration of whether the defendant is guilty or not?

26   
27   B.  In April 2001, I finally met with defense attorney R. Dean Roskosz who
     informed me of my charges and I pleaded requested the possibility of probation
     and not imprisonment?  Within a 3 year sentence or to run them together
28   not stacked!  (I was tricked) I did not know the legal word for that?  Mr.

Roskosz said consecutive.  O.K.  So I signed the plea.  With that being the only plea copy — he would send me a copy by mail, I never received one till (sic) I turned myself in June, 2001 to fine (sic) out a 3.5 in prison and 3 year probation on top of restitution by Prosecutor Karl A. Mueller "using a future case that was untried" in above sentencing as implied consent (is false) like a prior.  Fraudulently represents the law deemed fundamental to due process; then send Petitioner to prison and knowing re-indict the untried case constitutes double jeopardy violation by above prosecutor in blatant disregard for justice in this case and proof of all this strategy in case # CR2001-012645 of Superior Court/ Court of Appeals # 1 CA-CR 04-0097 PRPC of the abuse, oppression showing of total distress to our administrative justice by cruel and unusual punishment, deny equal protection to "pro se" in pursuit of justice in right of the federal courts to grant the above petition guaranteed by the United States Constitution to handle both cases together for the public's interest - of justice.  In good faith.

(document # 1)     Petitioner's claims are unclear.  However, it appears that Petitioner raises a claim of ineffective assistance of counsel under the 6th Amendment based on counsel's failure to explain the meaning of the word consecutive, and counsel's failure to object to his sentence which was enhanced based on a future untried case.  He also appears to claim that "re-indicting" him on an untried case upon which his sentence was based violated the double jeopardy clause, and that the trial judge had a conflict of interest.

Respondents contend that Petitioner's claims are procedurally barred because he failed to exhaust his claims and failed to fairly present his claims to the state court.

## EXHAUSTION

Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for habeas relief, the prisoner must have exhausted, in state court, every claim raised in his petition.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them  to the state courts in a procedurally appropriate manner.  Castille v. Peoples, 489 U.S. 346, 349 (1989).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S. 27, 29 (2004).

It is not enough that all the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised.  Reese, 124 S.Ct. at 1349

1   (stating that a reference to ineffective assistance of counsel does not alert the court to federal
2   nature of the claim.)  The habeas petitioner must cite in state court to the specific constitutional
3   guarantee upon which he bases his claim in federal court.  Tamalini v. Stewart, 249 F.3d 895,
4   898 (9th Cir. 2001).  General appeals to broad constitutional principles, such as due process,
5   equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a
6   federal constitutional claim.  Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*
7   *on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir.
8   2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee,"
9   such as a naked reference to "due process," or to a "constitutional error" or a "fair trial.")
10  Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim.
11  See, Gray v. Netherland, 518 U.S. 152, 162-63 (1996).  Even if the basis of a federal claim is
12  "self-evident" or if the claim would be decided "on the same considerations" under state or
13  federal law, the petitioner must make the federal nature of the claim "explicit either by citing
14  federal law or the decision of the federal courts . . . ."  Lyons, 232, F.3d at 668.  A state prisoner
15  does not fairly present a claim to the state court if the court must read beyond the petition or
16  brief filed in that court.  Baldwin, 541 U.S. at 27.

17          Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally
18  appropriate manner, state court remedies may, nonetheless, be "exhausted."  This type of
19  exhaustion is often referred to as "procedural default" or "procedural bar."   See, Ylst v.
20  Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two
21  categories of procedural default.

22          First, a state court may have applied a procedural bar when the prisoner attempted
23  to raise the claim in state court.  See, Nummemaker, 501 U.S. at 802-05.  If the state court also
24  addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the
25  independent state procedural bar.  Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v.
26  Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of
27  counsel claims "barred under state law," but also discussed and rejected the claims on the
28  merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and

1   the claims were procedurally defaulted and barred from federal review.)  A higher court's

2   subsequent summary denial of review affirms the lower court's application of a procedural bar.

3   Nunnemaker, 501 U.S. at 803.

4           Second, the state prisoner may not have presented the claim to the state courts, but

5   pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague

6   v. Lane, 489 U.S. 288, 297-99 (1989).  Generally, any claim not previously presented to the

7   Arizona courts is procedurally barred from federal review because any attempt to return to state

8   court to properly exhaust a current habeas claim would be "futile." See, Ariz. R. Crim. P. 32.1,

9   32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319,

10  322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)(relief is precluded for

11  claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a), Ariz. R.

12  Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's

13  decision).  A state post-conviction action is futile where it is time barred. See, Beaty, 303 F.3d

14  at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)(recognizing untimeliness under

15  Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction

16  relief, distinct from preclusion under Rule 32.2(a)).

17          In either case of procedural default, federal review of the claim is barred absent a

18  showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley,

19  541 U.S. 386, 393-94, (2004); Murray v. Carrier, 477 U.S. 478, 488 (1986).  To establish cause,

20  a petitioner must establish that some objective factor external to the defense impeded his efforts

21  to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986).  The

22  following objective factors may constitute cause: (1) interference by state officials, (2) a

23  showing that the factual or legal basis for a claim was not reasonably available, or (3)

24  constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488.   To establish

25  prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his

26  actual and substantial disadvantage, infecting his entire trial with error of constitutional

27  dimension." United States v. Frady, 456 U.S. 152, 170 (1982).  Where petitioner fails to

28  establish cause, the court need not reach the prejudice prong.

1    To establish a "fundamental miscarriage of justice" resulting in the conviction of one

2    who is actually innocent, a state prisoner must establish that it is more likely than not that no

3    reasonable juror would have found him guilty beyond a reasonable doubt in light of new

4    evidence.  Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).  Before

5    addressing the issue of fundamental miscarriage of justice, the federal court must address all

6    non-defaulted claims and other grounds alleged as cause to excuse the procedural bar.  Dretke,

7    124 S.Ct. at 1852.

8              *Application of Law to Petitioner's Claims*

9    Respondents assert that Petitioner's claims are unexhausted because he failed to

10    present any of his claims to the Arizona Supreme Court.   Respondents argue that under

11    Baldwin v. Reese, 541 U.S. 27, 29 (2004), to exhaust claims in state court, an Arizona prisoner

12    must petition for review to the Arizona Supreme Court, the highest discretionary court of

13    appeals in Arizona.   See, Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

14    Respondents argue that Baldwin overturns the holding in Swoopes v. Sublett, 196 F.3d 1008,

15    1010 (9th Cir. 1999) that Arizona state prisoners need not seek review in the Arizona Supreme

16    Court to exhaust state remedies.  The Court need not decide this issue because in addition to

17    failing to present his claims to the Arizona Supreme Court, Petitioner failed to fairly present his

18    claims either to the trial court or the Arizona Court of Appeals.

19    As stated above, before a federal court may decide a petition for habeas corpus

20    relief, the state prisoner must have raised every federal claim to the state courts.  Coleman, 501

21    U.S. at 731-32.  For a claim to be fairly presented in state court, petitioner must described the

22    operative facts and legal theories upon which his claim is based.  Baldwin, 124 S.Ct. at 1350,

23    51.  The federal nature of the claim must be explicit at all levels. Baldwin, 124 S.Ct. at 1350-51.

24     General appeals to broad constitutional principles, such as due process, equal protection, and

25    the right to a fair trial are insufficient to establish fair presentation of a federal constitutional

26    claim.  Lyons, 232 F.3d at 669.

27    Here, Petitioner asserts four grounds for relief.  He asserts claims under the First,

28    Fifth, Eighth, and Fourteenth Amendments based on the same facts.  Petitioner never raised a

First, Fifth, Eighth, or Fourteenth Amendment claim to the State courts based on the same facts as he presents in his pending petition. In his first petition for post-conviction relief, Petitioner challenged the restitution order and claimed that counsel was ineffective with respect to restitution. (Respondents' Exh. P) In the second post-conviction proceedings, the court ordered Petitioner to limit his petition to issues arising from the June 2003 restitution order. (Respondents' Exh. Y) Petitioner ignored that limitation and not only reiterated his claims regarding the restitution order that he had raised in his first post-conviction proceedings but also claim that counsel was ineffective in failing to explain the terms of the plea agreement as related to restitution and in failing to notify Petitioner of charges pending in a separate case. The trial court denied Petitioner's second petition for post-conviction relief.

On appeal of his second petition for post-conviction relied, Petitioner expanded his claims to include challenges based on a separate criminal case pending in the Superior Court. The appellate court denied review.

In the pending § 2254 Petition, Petitioner's claims are confusing and conclusory. However, it appears that Petitioner raises a claim of ineffective assistance of counsel under the 6th Amendment based on counsel's failure to explain the meaning of the word consecutive, and counsel's failure to object to his sentence which was enhanced based on a future untried case. He also appears to claim that "re-indicting" him on an untried case upon which his sentence was based violated the double jeopardy clause, and that the trial judge had a conflict of interest. Petitioner did not present any of the foregoing claims to the state courts in a procedurally proper manner.

Petitioner's federal claims not fairly presented to the State courts are procedurally defaulted because Petitioner is time-barred from returning to State court to obtain review of such claims. Ariz.R.Crim.P. 32.1(d)-(h), 32.4(a). Petitioner does not establish cause and prejudice or a fundamental miscarriage of justice to overcome the procedural bar. Accordingly, Petitioner is not entitled to federal habeas review of his claims.

/ / /

/ / /

- 9 -

1  / / /

2

3                                    **MERITS**

4              Alternatively, Petitioner's claims fail on the merits.  Petitioner claims that his First,

5  Fifth, Eighth, and Fourteenth Amendment rights were violated based on trial counsel's failure

6  to explain that Petitioner's sentences would run consecutively.   Petitioner also asserts that he

7  was reindicted on an untried case in violation of the double jeopardy clause and that the trial

8  judge had a possible conflict of interest.  (document # 1)  Petitioner does not cite any factual or

9  legal support for claims under the First, Fifth, Eighth, or Fourteenth Amendments.  Petitioner's

10 unsupported, conclusory allegations are not sufficient to support a claim for federal habeas

11 relief.  Therefore, his claims based on those amendments fail.  See, Jones v. Gomez, 66 F.3d

12 199, 204-05 (9th Cir. 1995)(stating that conclusory allegations with no reference to the record

13 or other evidence do not warrant habeas relief.)

14             Moreover, Petitioner's claim of ineffective assistance of counsel based on counsel's

15 failure to explain the terms consecutive lacks merit.  As set forth above, Petitioner pleaded

16 guilty pursuant to a plea agreement.  "When a criminal defendant has solemnly admitted in open

17 court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

18 independent claims relating to the deprivation of constitutional rights that occurred prior to the

19 entry of the guilty plea."   Tollett v. Henderson, 411 U.S. 256, 267 (1973).   Likewise, a

20 petitioner's complaints about counsel's pre-plea actions are also waived by the guilty plea.

21 Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994)(holding that guilty plea precluded habeas

22 petitioner from raising the pre-plea claim that counsel failed to challenge petitioner's

23 confession).

24             To demonstrate ineffective assistance of counsel, petitioner must "point to errors or

25 omissions in the record on appeal that establish that he did not receive adequate representation."

26 United States v. Taylor, 802 F.2d 1108, 1119 (9th Cir. 1986).  On habeas review, a state prisoner

27 claiming that counsel's performance was ineffective must show that: (1) counsel's performance

28 fell below objective standards of reasonableness and was "outside the range of professionally

1   competent assistance," and (2) that counsel's deficient performance prejudiced petitioner by

2   creating a "reasonable probability that absent the errors the factfinder would have had a

3   reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687 (1984).

4          When analyzing the performance prong, the court "indulge[s] a strong presumption

5   that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

6   the defendant must overcome the presumption that, under the circumstances, the challenged

7   action 'might be considered sound trial strategy.'" Brodit v. Cambra, 350 F.3d 985, 992 (9th Cir.

8   2003)(quoting Strickland, 466 U.S. at 689). The court must consider counsel's performance

9   from counsel's perspective at the time of the alleged ineffectiveness and "every effort must be

10  made to eliminate the distorting effects of hindsight." Bonin v. Calderon, 59 F.3d 815, 833 (9th

11  Cir. 1995).

12         Petitioner must also establish prejudice. Strickland, 466 U.S. at 691-92. To

13  establish prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's

14  unprofessional errors, the result of the proceeding would have been different." Strickland, 466

15  U.S. at 694. A "reasonable probability" is a "probability sufficient to undermine confidence

16  in the outcome." Id. To satisfy the prejudice prong in the context of a guilty plea, petitioner

17  "must show that there is a reasonable probability that, but for counsel's errors, he would not

18  have pleaded guilty and would have insisted on going to trial." Iaea v. Sunn, 800 F.2d 861, 865

19  (9th Cir. 1986).

20  Petitioner must also show that the "result of the proceeding was fundamentally unfair or

21  unreliable." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993). A court reviewing a claim of

22  ineffective assistance may opt to address only the prejudice prong, "[i]f it is easier to dispose

23  of an ineffectiveness claim on the ground of lack of sufficient prejudice." Strickland, 466 U.S.

24  at 697.

25         Here, Petitioner argues that counsel was ineffective because when counsel informed

26  him that his term of probation would run consecutive to his term of imprisonment, Petitioner

27  did not understand the meaning of the word consecutive. Petitioner's claim of ineffective

28  assistance based on the foregoing facts fails on the merits. First, in his statement of facts

1  supporting his habeas corpus petition, Petitioner acknowledges that counsel informed him that

2  under the plea agreement his term of probation would run consecutively to his prison sentence

3  and that he agreed to the consecutive sentences by saying, "O.K."  (document # 1) There is no

4  evidence in the record suggesting that Petitioner ever conveyed his confusion about the word

5  consecutive to counsel or that there was any reason for counsel to suspect that Petitioner did not

6  know the meaning of consecutive.   Second, during the change of plea hearing, Petitioner

7  advised the judge that he understood that his sentence of 3.5 years in prison for aggravated

8  assault and his sentence of supervised probation for possession of narcotic drugs would run

9  consecutively. (Respondents' Exh. A at 7-8) He further stated that he had agreed that he would

10  be placed on probation for the possession charge and that probation would run consecutive to

11  his sentence on Count 1.  (Respondents' Exh. A at 8) Petitioner also stated that he understood

12  the terms of the plea agreement.  (Id. at 9) Petitioner was aware that his sentences would run

13  consecutively.

14         Petitioner's lack of knowledge of the meaning of the word consecutive does not

15  render counsel's performance deficient.  There is no evidence that Petitioner ever asked counsel

16  the meaning of consecutive or otherwise indicated that he did not understand the nature of his

17  sentence.  When counsel informed Petitioner of his consecutive sentences under the plea

18  agreement, Petitioner said "O.K."  By saying "okay" Petitioner indicated to counsel that he

19  understood the terms of the agreement and consented to those terms.   During the plea hearing,

20  Petitioner never indicated to the court or counsel that he did not understand the term

21  consecutive.  Rather, he again indicated that he understood the terms of the plea agreement and

22  agreed to those terms.   In view of Petitioner's failure to communicate to counsel that he did not

23  understand the term consecutive and the lack of evidence that Petitioner did not understand that

24  word, the Court finds that counsel was not deficient in failing to provide a more detailed

25  explanation of the word consecutive.

26         Moreover, even if counsel's performance was deficient, Petitioner has not shown that

27  but for counsel's error he would not have pleaded guilty but would have insisted on proceeding

28

- 12 -

1  to trial.  Iaea, 800 F.2d at 865.  In view of the foregoing, Petitioner's claim of ineffective

2  assistance fails.

3          Accordingly,

4          IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

5  Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254 (document # 1) be **DENIED.**

6          This recommendation is not an order that is immediately appealable to the Ninth

7  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

8  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

9  parties shall have ten days from the date of service of a copy of this recommendation within

10  which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72,

11  6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which

12  to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's

13  Report and Recommendation may result in the acceptance of the Report and Recommendation

14  by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114,

15  1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the

16  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

17  findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

18  recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

19          Dated this 15th day of December, 2005.

20

21                                    Lawrence O. Anderson
                                      United States Magistrate Judge

22

23

24

25

26

27

28